*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★  ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00332-CV

**IN RE** Artie **TREVIÑO**

Original Habeas Corpus Proceeding[1]

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  July 23, 2008

PETITION FOR WRIT OF HABEAS CORPUS GRANTED

Relator Artie Treviño filed a petition for a writ of habeas corpus in this court seeking release

from custody. Treviño was jailed in Maverick County pursuant to a writ of commitment issued when

he failed to appear in court to respond to a child support enforcement action. Because Treviño did

not receive a hearing following his arrest and confinement as required by law, we grant the petition.

**BACKGROUND**

Artie Treviño and Ludy Rohrbauck were divorced in November 2003. Under the divorce

decree, Treviño was ordered to pay monthly child support. On July 16, 2007, Rohrbauck filed a

motion for enforcement alleging Treviño was in contempt of court for failing to comply with the

child support order in the divorce decree. On October 15, 2007, Treviño filed an answer to the

---

[1]This proceeding aries out of Cause No. 03-06-19270-MCV, styled *In the Interest of B.J., a Child*, pending in the 293rd Judicial District Court, Maverick County, Texas, the Honorable Cynthia L. Muniz presiding.

motion for enforcement. As stated in the court's Order for Capias and Setting of Bond, a hearing on the motion for enforcement was set for November 6, 2007. When Treviño failed to appear at this hearing, the trial court ordered the issuance of a writ of capias directing the sheriff to bring Treviño before the court to answer the allegations in the motion for enforcement. Treviño was arrested on February 25, 2008 in Frio County, then transferred to the custody of the sheriff of Maverick County on March 10, 2008.

On May 14, 2008, Treviño filed a petition for a writ of habeas corpus in this court, alleging his confinement was illegal because he did not receive a hearing following his arrest and confinement and because he was not given notice of the contempt hearing. We ordered Treviño released upon payment of a $100.00 cash bond pending final resolution of the petition, and provided Rohrbauck and the respondent trial judge the opportunity to respond. No response was filed.

### APPLICABLE LAW

The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *In re Alexander*, 243 S.W.3d 822, 827 (Tex. App.—San Antonio 2007, orig. proceeding).

A motion for enforcement may be filed to enforce a child support order. TEX. FAM. CODE. ANN. § 157.001(a) (Vernon 2002). If a respondent who has been personally served with notice fails to appear at an enforcement hearing, the trial court may order the issuance of a capias for the arrest of a respondent who failed to appear. *Id*. § 157.066. When the trial court orders the issuance of a capias, it must also set an appearance bond or security, payable to the obligee or to a person designated by the court, in a reasonable amount. *Id*. § 157.101(a). Thereafter, if the respondent is taken into custody and not released on bond, he must be brought before the trial court on or before

the third working day after his arrest to determine whether his appearance in court at a designated time and place can be assured by a method other than by posting the bond previously established. *Id*. § 157.105(a) (Vernon Supp. 2007). If the trial court is not satisfied the respondent's appearance in court can be assured and the respondent remains in custody, a hearing on the alleged contempt must be held as soon as practicable, but not later than the seventh day after the respondent was taken into custody, unless the respondent and his attorney waive the accelerated hearing. *Id.* § 157.105(c).

### DISCUSSION

Treviño was confined for more than two months. However, nothing in the record shows Treviño was brought before the trial court as required under section 157.105(a) of the Texas Family Code and nothing in the record shows Treviño and his attorney waived the accelerated contempt hearing provided for under section 157.105(c). Finally, nothing in the record shows a contempt hearing was held, or that written contempt and commitment orders were signed by the trial judge. We conclude Treviño was unlawfully confined.

Accordingly, the petition for a writ of habeas corpus is granted. We order Treviño discharged from custody and released from the bond set by this court on May 14, 2008.[2]

Steven C. Hilbig, Justice

---

[2]Because Treviño's first issue is dispositive, we need not consider his second issue regarding notice of the contempt hearing. *See* TEX. R. APP. P. 47.1 (the courts of appeals must hand down a written opinion as brief as practicable but that addresses every issue raised and necessary to the final disposition of the case.)