02-11-128-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00128-CV

 

 


 
 
 In re Tracy Alan Roznosky
 
 
  
 
 
 RELATOR
  
 
 
 
 
  
 
 
 
 
  
 
 


 

----------

 

ORIGINAL PROCEEDING

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Relator
Tracy Alan Roznosky contends that he is being illegally restrained and asks
this court to grant his petition for writ of habeas corpus asking for his
release from the custody of the Tarrant County Sheriff.  We grant his requested
relief.

          In
2008, the trial court held relator in contempt for failure to make timely child
support payments in accordance with a 2001 order; however, the trial court
suspended commitment and placed relator on community supervision for ten
years.  In March 2010, the Office of the Attorney General filed a motion to
revoke relator’s community supervision.  The trial court issued an order for an
arrest warrant on March 19, 2010 in accordance with Texas Family Code section
157.214.  Relator was taken into custody in Potter County on March 25, 2011,
and he filed his petition for writ of habeas corpus with this court on April 5,
2011.  He was transferred to Tarrant County on or about April 19, 2011.

          We
requested a response from the Attorney General; in the response, dated April
18, 2011, the Attorney General conceded that the trial court had not held a
hearing on the motion to revoke.

          If
an obligor is found in contempt of court for failure to pay child support and
is sentenced to jail, the court may suspend commitment and place the obligor on
community supervision.  Tex. Fam. Code Ann. § 157.165 (Vernon 2008); In re Alexander,
243 S.W.3d 822, 824 (Tex. App.––San Antonio 2007, orig. proceeding).  The Title
IV-D agency or a party affected by the community supervision order may file a
verified motion alleging the obligor has violated a term or condition of
community supervision.  Tex. Fam. Code Ann. § 157.214 (Vernon 2008); Alexander,
243 S.W.3d at 824.  If the motion to revoke community supervision alleges a
prima facie case that the obligor has violated a term or condition of community
supervision, the court may order the obligor’s arrest by warrant.  Tex. Fam.
Code Ann. § 157.215(a) (Vernon 2008); Alexander, 243 S.W.3d at 824. 
Once arrested, the obligor must be brought promptly before the court.  Tex.
Fam. Code Ann. § 157.215(b); Alexander, 243 S.W.3d at 824.  An obligor
is entitled to a hearing on a motion to revoke community supervision.  Tex.
Fam. Code Ann. § 157.216(a), (b) (Vernon 2008); Alexander, 243 S.W.3d at
824.  After the revocation hearing, the court may continue, modify, or revoke
the community supervision.  Tex. Fam. Code Ann. § 157.216(c); Alexander,
243 S.W.3d at 825.

Section
157.216 of the Texas Family Code sets out the time frame for holding a revocation
hearing in an enforcement case.  Alexander, 243 S.W.3d at 825.  That
section provides as follows:

(a)     The court
shall hold a hearing without a jury not later than the third working day after
the date the respondent is arrested under Section 157.215.  If the court is
unavailable for a hearing on that date, the hearing shall be held not later
than the third working day after the date the court becomes available.

 

(b)     The hearing
under this section may not be held later than the seventh working day after the
date the respondent is arrested.

 

(c)     After the
hearing, the court may continue, modify, or revoke the community supervision.

 

Tex.
Fam. Code Ann. § 157.216.

          Here,
relator has been restrained since at least April 5, 2011; more than seven
working days have passed since his arrest.  Accordingly, relator has not been
afforded due process and is entitled to relief.  See id.; Alexander,
243 S.W.3d at 825, 827.  Because the trial court did not timely hold a
revocation hearing under Family Code section 157.216, we order relator
discharged from custody and released from the bond set by this court on April
29, 2011.

 

                                                                             PER
CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; WALKER and MEIER, JJ.

 

DELIVERED:  May 4, 2011








 









[1]See Tex. R. App. P. 47.4.