

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00128-CV

IN RE TRACY ALAN ROZNOSKY          RELATOR

----------

## ORIGINAL PROCEEDING

----------

## **MEMORANDUM OPINION**[1]

----------

Relator Tracy Alan Roznosky contends that he is being illegally restrained and asks this court to grant his petition for writ of habeas corpus asking for his release from the custody of the Tarrant County Sheriff. We grant his requested relief.

In 2008, the trial court held relator in contempt for failure to make timely child support payments in accordance with a 2001 order; however, the trial court

---

[1]*See* Tex. R. App. P. 47.4.

suspended commitment and placed relator on community supervision for ten years. In March 2010, the Office of the Attorney General filed a motion to revoke relator's community supervision. The trial court issued an order for an arrest warrant on March 19, 2010 in accordance with Texas Family Code section 157.214. Relator was taken into custody in Potter County on March 25, 2011, and he filed his petition for writ of habeas corpus with this court on April 5, 2011. He was transferred to Tarrant County on or about April 19, 2011.

We requested a response from the Attorney General; in the response, dated April 18, 2011, the Attorney General conceded that the trial court had not held a hearing on the motion to revoke.

If an obligor is found in contempt of court for failure to pay child support and is sentenced to jail, the court may suspend commitment and place the obligor on community supervision. Tex. Fam. Code Ann. § 157.165 (Vernon 2008); *In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The Title IV-D agency or a party affected by the community supervision order may file a verified motion alleging the obligor has violated a term or condition of community supervision. Tex. Fam. Code Ann. § 157.214 (Vernon 2008); *Alexander*, 243 S.W.3d at 824. If the motion to revoke community supervision alleges a prima facie case that the obligor has violated a term or condition of community supervision, the court may order the obligor's arrest by warrant. Tex. Fam. Code Ann. § 157.215(a) (Vernon 2008); *Alexander*,

243 S.W.3d at 824.  Once arrested, the obligor must be brought promptly before the court.  Tex. Fam. Code Ann. § 157.215(b); *Alexander*, 243 S.W.3d at 824.  An obligor is entitled to a hearing on a motion to revoke community supervision.  Tex. Fam. Code Ann. § 157.216(a), (b) (Vernon 2008); *Alexander*, 243 S.W.3d at 824.  After the revocation hearing, the court may continue, modify, or revoke the community supervision.  Tex. Fam. Code Ann. § 157.216(c); *Alexander*, 243 S.W.3d at 825.

Section 157.216 of the Texas Family Code sets out the time frame for holding a revocation hearing in an enforcement case.  *Alexander*, 243 S.W.3d at 825.  That section provides as follows:

(a)    The court shall hold a hearing without a jury not later than the third working day after the date the respondent is arrested under Section 157.215.  If the court is unavailable for a hearing on that date, the hearing shall be held not later than the third working day after the date the court becomes available.

(b)    The hearing under this section may not be held later than the seventh working day after the date the respondent is arrested.

(c)    After the hearing, the court may continue, modify, or revoke the community supervision.

Tex. Fam. Code Ann. § 157.216.

Here, relator has been restrained since at least April 5, 2011; more than seven working days have passed since his arrest.  Accordingly, relator has not been afforded due process and is entitled to relief.  *See id.*; *Alexander*, 243 S.W.3d at 825, 827.  Because the trial court did not timely hold a revocation

3

hearing under Family Code section 157.216, we order relator discharged from custody and released from the bond set by this court on April 29, 2011.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DELIVERED:  May 4, 2011

4