*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-11-00387-CV

## EX PARTE Ruben VASQUEZ

Original Proceedings[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed: July 13, 2011

PETITION FOR WRIT OF HABEAS CORPUS AND PETITION FOR WRIT OF
MANDAMUS DENIED

On June 2, 2011, relator filed a petition for writ of habeas corpus. Then, on June 6, 2011

relator filed a petition for writ of mandamus, and on June 22, 2011 he filed a second petition for

writ of habeas corpus. We consider all of relator's complaints in this opinion.

In the initial petition for writ of habeas corpus, relator asks this court to order an

administrative review to establish his inability to pay and seeks to have his interest and payments

deleted based on the time he has spent in confinement for contempt. During the pendency of the

writ before this court, relator was arrested and jailed pursuant to a capias issued when he failed to

appear in court to respond to a child support enforcement action. Now, in the second petition for

---

[1] This proceeding arises out of Cause No. 2004-EM5-0507, styled *In the Interest of A.V.*, pending in the 73rd
Judicial District Court, Bexar County, Texas, the Honorable Renée McElhaney presiding. However, the order
complained of was signed by the Honorable Jim Rausch, Associate Judge of the Child Support Court, Bexar County,
Texas.

writ of habeas corpus relator filed in this court after he was arrested, relator complains he is being illegally confined and restrained because he lacks the ability to comply with the underlying contempt order. However, the record indicates that relator was released on June 21, 2011 and is not currently incarcerated.

A relator is not entitled to habeas corpus relief unless he was deprived of his liberty without due process of law, or if we conclude the judgment ordering him confined is void. *See In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *Alexander*, 243 S.W.3d at 827. Because relator is no longer confined, relator has not brought forth proper grounds for habeas corpus relief because he cannot demonstrate he is being illegally confined.[2] Accordingly, relator's petition for writ of habeas corpus is DENIED. TEX. R. APP. P. 52.8(a).

Additionally, relator seeks mandamus relief, asking this court to order the trial court to provide him all documents and motions filed in his cause number. Relator complains he has filed numerous requests for the documents by correspondence and motions in the trial court. However, to warrant mandamus relief, relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving

---

[2] As previously noted, relator was confined temporarily during the pendency of his writ before this court based on a capias that was issued after he failed to appear in court to respond to a child support enforcement action. Relator did not challenge the lawfulness of the capias in his writs before this court. However, we note that the Texas Family Code expressly provides for the issuance of a capias for failure to appear at a hearing. *See* TEX. FAM. CODE ANN. §§ 156.066; 157.114 (West 2008).

consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator has not provided this court with a file stamped copy of any of the motions he contends he has filed or any other documents to show that a properly filed motion has been pending before the trial court for an unreasonable amount of time. Therefore, we conclude relator has failed to meet his burden to obtain mandamus relief. *See id.*

Based on the foregoing, relator's petitions for writ of habeas corpus and petition for writ of mandamus are DENIED.

PER CURIAM