Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





## MEMORANDUM OPINION

No. 04-11-00418-CV

**EX PARTE** Joe A. **ZAPATA, Jr.**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Rebecca Simmons, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  August 10, 2011

PETITION FOR WRIT OF HABEAS CORPUS GRANTED

This is an original habeas corpus proceeding brought by Joe A. Zapata, Jr.  Zapata contends he is being illegally confined after the trial court found him in contempt of court and ordered him confined for 180 days without admonishing him of his right to counsel in compliance with Texas Family Code section 157.163.  *See* TEX. FAM. CODE ANN. § 157.163 (West 2008).  We agree and grant the petition for writ of habeas corpus.

### BACKGROUND

On May 2, 2007, Zapata and De Leon were divorced, and Zapata was ordered to pay monthly spousal support to De Leon.  Zapata failed to pay all of the spousal support payments, and De Leon filed a petition for enforcement of spousal support.  On November 17, 2009, the

---

[1] This proceeding arises out of Cause No. 2007-CI-00757, styled *In the Matter of the Marriage of Audrey A. Zapata and Joe A. Zapata, Jr. and In the Interest of M.R.Z., et al.*, pending in the 37th Judicial District Court, Bexar County, Texas, the Honorable David A. Berchelmann presiding.

trial court heard De Leon's petition, and the parties, both represented by counsel, entered into an agreement that Zapata owed spousal support to De Leon in the amount of $13,800.00. The parties further agreed that Zapata would pay De Leon a lump sum of $6,000.00, which Zapata complied with. The remaining balance was $7,800.00, which was to be paid to Zapata in monthly increments of $800.00. On May 4, 2010, the trial court signed an order holding Zapata in contempt of court for failure to pay the spousal support, granted judgment for arrearages, and suspended his commitment. Also, the trial court ordered that Zapata's wages at Bill Miller's Barbecue, Inc. be garnished in order for Zapata to pay off the arrearage amount.[2] The trial court also at that time set a compliance hearing for March 1, 2011, at which Zapata failed to appear.

Then, on May 11, 2011, the trial court held a hearing on a modification of the support order and motion to confirm arrearage, at which Zapata was taken into custody for failing to appear at the March 1, 2011 compliance hearing. Two days later, the trial court held a hearing to determine whether Zapata had complied with the terms of the May 4, 2010 order holding Zapata in contempt of court and suspending commitment, and the trial court found Zapata in contempt of court and sentenced him to 180 days in jail. The order provides the balance owed by Zapata is $6,384.62 and orders Zapata to pay $750.00 in attorney's fees and $276.00 in court costs. Zapata contends that at no point during this hearing was he represented by counsel or admonished of his right to counsel.

On June 16, 2011, Zapata filed this petition for writ of habeas corpus, and on June 17, 2011, this court ordered Zapata released on bond from the Bexar County Jail and requested a response from De Leon and/or the trial court. No response was filed in this court.

---

[2] Zapata's wages were garnished from May 4, 2010 until Zapata was terminated from his employment at Bill Miller's in August 2010.

**ANALYSIS**

A relator is entitled to habeas corpus relief if he was deprived of his liberty without due process of law, or if we conclude the judgment ordering him confined is void. *See In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *Alexander*, 243 S.W.3d at 827.

Zapata alleges the order holding him in contempt is void and unenforceable because the trial court failed to admonish him of his right to counsel when he appeared at the contempt hearing on May 13, 2011.[3] The Family Code outlines the procedure to be followed in family law enforcement proceedings. *See* TEX. FAM. CODE ANN. § 157.163. First, the court must determine whether it is possible the respondent will be incarcerated as a result of the proceedings. *Id.* § 157.163(a). Then, "[i]f the court determines that incarceration is a possible result of the proceedings, the court shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney." *Id.* § 157.163(b).

In the case at hand, incarceration was a possible result of the proceedings since the May 13, 2011 hearing was held to determine whether Zapata failed to comply with the May 4, 2010 order holding Zapata in contempt of court and suspending commitment. Zapata's 180 day commitment was based his failure to comply with the May 4, 2010 order. Neither the May 13, 2011 contempt and commitment order nor the record of the May 13, 2011 hearing indicates the trial court informed Zapata of his right to counsel or questioned if Zapata was indigent and therefore entitled to court-appointed counsel. The May 13, 2011 contempt and commitment

---

[3] Zapata presents other issues in his petition; however, none of the remaining issues were briefed to this court.

order indicates De Leon "appeared in person and through her attorney of record" and Zapata "appeared in person." There is no indication Zapata waived his right to counsel. Furthermore, in the "appearance" section of the reporter's record of the May 13, 2011 hearing it indicates that Zapata appeared pro se. At the hearing, De Leon's counsel immediately began his argument and then proceeded to call De Leon as a witness. The trial court administered the oath to De Leon and she proceeded to testify. At the conclusion of the hearing, the trial court signed the order holding Zapata in contempt. At no point during the hearing was Zapata admonished of his right to counsel.

## CONCLUSION

We conclude the trial court's failure to admonish Zapata of his right to counsel in accordance with section 157.163 of the Family Code renders the commitment arising from the May 13, 2011 order void. *See* TEX. FAM. CODE ANN. § 157.163; *Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997); *In re Ohiri*, 95 S.W.3d 413, 415 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding). Therefore, we grant the petition for writ of habeas corpus and order Zapata released from custody as ordered by the trial court's May 13, 2011 contempt and commitment order and order Zapata released from the bond set by this court.

Rebecca Simmons, Justice