

# NUMBER 13-12-00409-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE GLENN EDWARD CHAMPAGNE

## On Petition for Writ of Habeas Corpus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion Per Curiam[1]**

Relator, Glenn Edward Champagne, filed a petition for writ of habeas corpus on June 22, 2012, through which he appears to be complaining of allegedly illegal confinement.[2] We dismiss the petition for writ of habeas corpus as stated herein.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This Court has previously considered a direct appeal and several original proceedings filed by relator. *See Champagne v. State*, No. 13-11-00657-CR, 2012 Tex. App. LEXIS ___, at *__ (Tex. App.— Corpus Christi June 28, 2012, no pet. h.) (mem. op. not designated for publication); *In re Champagne*, Nos. 13-12-00108-CR, 13-12-00109-CR, & 13-12-00110-CR, 2012 Tex. App. LEXIS 1291, at *1 (Tex. App.—Corpus Christi Feb. 10, 2012, orig. proceeding) (mem. op. per curiam, not designated for publication); *In re Champagne*, Nos. 13-12-00085-CR, 13-12-00086-CR & 13-12-00087-CR, 2012 Tex.

A relator is not entitled to habeas corpus relief unless he was deprived of his liberty without due process of law or if the judgment ordering him confined is void. *See In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *Alexander*, 243 S.W.3d at 827.

This Court's original jurisdiction to grant habeas corpus relief derives from section 22.221(d) of the Texas Government Code, which provides, in relevant part:

> Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case.

TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). Thus, this Court has no original habeas corpus jurisdiction in criminal law matters. *See id.*; *Ex parte Price*, 228 S.W.3d 885, 886 (Tex. App.—Waco 2007, no pet.); *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, no pet.); *see also In re Walker*, Nos. 05-11-01612-CV, 05-11-01613-CV & 05-11-01614-CV, 2011 Tex. App. LEXIS 9513, at *1 (Tex. App.—Dallas Dec. 6, 2011, orig. proceeding) (mem. op.). In such cases, our jurisdiction is appellate only. *See*

---

App. LEXIS 1136, at *1 (Tex. App.—Corpus Christi Feb. 6, 2012, orig. proceeding) (mem. op. per curiam, not designated for publication*); In re Champagne*, Nos. 13-12-00014-CR, 13-12-00015-CR & 13-12-00016-CR, 2012 Tex. App. LEXIS 453, at *1 (Tex. App.—Corpus Christi Jan. 17, 2012, orig. proceeding) (mem. op. per curiam, not designated for publication).

*Dodson*, 988 S.W.2d at 835. In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005).

Moreover, relator's complaints in this matter arise from trial court cause number D-100390-R in the 260th District Court of Orange County, Texas. Relator has not established in this original proceeding that this Court has jurisdiction over matters arising from Orange County. *See* TEX. GOV'T CODE ANN. § 22.221(b), (d) (West 2004); *id.* § 22.201(n) (West Supp. 2011).

The Court, having examined and fully considered the petition for writ of habeas corpus, is of the opinion that we are without jurisdiction to consider the matters raised herein. Therefore, we dismiss this petition for writ of habeas for lack of jurisdiction without reference to the merits.

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of July, 2012.

3