

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00578-CV

**EX PARTE** Richard **REYES**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  October 23, 2013

PETITION FOR WRIT OF HABEAS CORPUS GRANTED

This is an original habeas corpus proceeding brought by Richard Reyes pro se on August 23, 2013. Reyes contends he is being illegally confined after the trial court found him in contempt for failure to pay previously ordered child support. Reyes contends he was ordered confined for 180 days without ever being informed of his right to counsel in compliance with the Texas Family Code. *See* TEX. FAM. CODE ANN. § 157.163 (West 2008). The record before this court does not affirmatively demonstrate that Reyes was adequately advised of his right to counsel as required by the Texas Family Code. We therefore grant the petition for writ of habeas corpus.

---

[1] This proceeding arises out of Cause No. 2000-CI-02703, styled *In the Interest of R.R. II and E.R., Minor Children*, pending in the 285th Judicial District Court, Bexar County, Texas, the Honorable Jim Rausch presiding.

**BACKGROUND**

On December 15, 1994, Reyes was ordered to begin paying child support in the amount of $185.00 per month. An "Order on Appointment of Counsel and Setting Cause for Trial" was signed on October 28, 2004 indicating Reyes, "did not request the appointment of an attorney and believes he can retain an attorney if this cause is reset for a reasonable time."

On January 18, 2005, the trial court conducted a hearing on a motion to enforce the child support obligation. The order resulting from that hearing reflects Reyes appeared pro se and agreed to the entry of the order by his signature. The court found that as of December 31, 2004, Reyes was in arrears on his child support obligation in the amount of $7,118.14. The court rendered judgment in favor of the Attorney General in that amount and ordered Reyes to make a lump sum payment of $1500.00 by February 28, 2005, in addition to continuing to pay current support as it became due. Reyes was also ordered to pay court costs in the amount of $496.00 directly to the district clerk by December 1. Reyes was held in contempt for failure to make previous payments and was ordered committed to the county jail. The court ordered Reyes to appear at a compliance hearing to be held on February 28, 2005, noting that if Reyes made the required lump sum payment his commitment would be suspended and further orders entered at that time.

Following a hearing, a "Supplemental Order Enforcing Child Support Obligation" was signed on May 3, 2005. The supplemental order, which Reyes signed, also reflects that Reyes appeared pro se at the hearing. In this order the court found that Reyes substantially complied with the previously ordered conditions and suspended his commitment to jail on the contempt findings. The court further found that as of April 30, 2005, Reyes was in arrears in the amount of $17,958.29 and rendered judgment in favor of the Attorney General in that amount with terms for making payments toward the judgment. Reyes was placed on community supervision for 120 months with specified conditions.

Following another hearing, a second "Order on Appointment of Counsel and Setting Cause for Trial" was signed on November 22, 2010. This order reflects the court's determination that, "this is a proceeding in which incarceration of the Respondent may result" and that Reyes, "did not request the appointment of an attorney and believes he can retain an attorney if this cause is reset for a reasonable time." In connection with that same hearing, the associate judge signed a "Child Support Contempt Conditional Release Order." This order indicates that Reyes appeared before the court pursuant to an arrest warrant issued in June 2007 and executed in November 2010. At that time, Reyes made a lump sum payment toward his child support arrearage in the amount of $5,300.00. Reyes was conditionally released from jail and was ordered to appear back before the court on December 15, 2010.

On December 15, 2010, another hearing was held at which Reyes appeared pro se. The court found that as of November 30, 2010, Reyes was in arrears in the amount of $53,160.52 and granted a judgment in favor of the Attorney General in that amount. Reyes was again ordered to begin making payments on the arrearage according to specified terms. The previous order for community supervision was revoked based upon Reyes's failure to make payments in accordance with the conditions of supervision. Reyes was again ordered committed to the county jail for a period of 180 days. Reyes was ordered to appear on February 23, 2011, to begin his commitment.

Reyes failed to appear as ordered and a capias was eventually issued directing that he be taken into custody. Reyes was arrested in July 2013 and remanded to serve his original commitment of 180 days.

On August 23, 2013, Reyes filed this petition for writ of habeas corpus. This court requested and received a response to the petition.

**ANALYSIS**

A relator is entitled to habeas corpus relief if he establishes he was deprived of liberty without due process of law, or if we conclude the judgment ordering confinement is void. *See In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding); *In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the relator's guilt or innocence, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding); *Alexander*, 243 S.W.3d at 827.

Reyes contends the order holding him in contempt and under which he is confined is void and unenforceable because the trial court failed to admonish him of his right to counsel as required by the Texas Family Code. In family law enforcement proceedings, the Family Code requires the trial court to determine whether the proceeding is one in which incarceration may result and, if so, the court is obligated to inform a respondent of the right to counsel and, if indigent, the right to an appointed attorney. *See* TEX. FAM. CODE ANN. § 157.163 (a), (b). In the present case, nothing in the record before the court affirmatively demonstrates that the trial court admonished Reyes of his right to be represented by counsel or that Reyes knowingly and intelligently waived that right. In the absence of a knowing and intelligent waiver of the right to counsel made on the record, the order holding Reyes in contempt and ordering his commitment is void. *See* TEX. FAM. CODE ANN. 157.163(a), (b); *Ex parte Acker*, 949 S.W. 2d 314, 316 (Tex. 1997) (orig. proceeding) (contempt order held void where the trial court failed to admonish relator of right to counsel); *Ex parte Keene*, 909 S.W.2d 507, 508 (Tex. 1995) (orig. proceeding) (contempt order held void where record did not show relator was informed of right to counsel in accordance with statute); *Ex parte Gunther*, 758 S.W.2d 226, 227 (Tex. 1988) (orig. proceeding) (same); *see also In re Marks*, 365 S.W.3d

843, 845 (Tex. App.—Fort Worth 2012, orig. proceeding); *In re Lehr*, No. 04-05-00934-CV, 2006 WL 228941, at *2-3 (Tex. App.—San Antonio Feb. 1, 2006, orig. proceeding).

In his petition, Reyes raises other challenges to his current commitment. Because we hold the order was void on the basis that the record does not demonstrate that Reyes was adequately advised of his right to counsel, we need not address Reyes's other arguments.

## CONCLUSION

We conclude the trial court's failure to admonish Reyes of his right to counsel in accordance with section 157.163 of the Family Code renders the order for his commitment void. *See* TEX. FAM. CODE ANN. § 157.163; *Acker*, 949 S.W.2d at 316; *In re Ohiri*, 95 S.W.3d 413, 415 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding); *Ex parte Zapata*, No. 04-11-00418-CV, 2011 WL 3502388, at *2 (Tex. App.—San Antonio Aug. 10, 2011, orig. proceeding). Therefore, we grant the petition for writ of habeas corpus and order Reyes released from custody.

PER CURIAM