

# NUMBERS
## 13-14-00068-CR
## 13-14-00069-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE DARRYLL TAYLOR

## On Petition for Writ of Habeas Corpus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Darryll Taylor, proceeding pro se, filed a petition for writ of habeas corpus on February 2, 2014, through which he contends that he has been illegally confined. Relator contends that his confinement is illegal because: (1) he is innocent of his criminal convictions; (2) he received ineffective assistance of counsel; and (3) the trial court

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

abused its discretion in its rulings on the law and evidence. We dismiss the petition for writ of habeas corpus in these causes for lack of jurisdiction.[2]

A relator is not entitled to habeas corpus relief unless he was deprived of his liberty without due process of law or if the judgment ordering him confined is void. *See In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *Alexander*, 243 S.W.3d at 827.

This Court's original jurisdiction to grant habeas corpus relief derives from section 22.221(d) of the Texas Government Code, which provides, in relevant part:

> Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case.

TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). Thus, this Court has no original habeas corpus jurisdiction in criminal law matters. *See id.*; *Ex parte Price*, 228 S.W.3d 885, 886 (Tex. App.—Waco 2007, no pet.); *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, no pet.); *see also In re Walker*, Nos. 05-11-01612-CV, 05-11-01613-CV & 05-11-01614-CV,

---

[2] Relator's petition for writ of habeas corpus attacks his convictions in trial court cause numbers 08CR-2126A and 08CR-218OA arising from the 28th District Court of Nueces County, Texas, and docketed in our appellate cause numbers 13-14-00068-CR and 13-14-00069-CR, respectively.

2011 WL 6055512, at *1 (Tex. App.—Dallas Dec. 6, 2011, orig. proceeding) (mem. op.). In such cases, our jurisdiction is appellate only. *See Dodson*, 988 S.W.2d at 835. In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005).

The Court, having examined and fully considered the petition for writ of habeas corpus, is of the opinion that we are without jurisdiction to consider this application. Therefore, we dismiss the petition for writ of habeas for lack of jurisdiction in each cause without reference to the merits. All pending motions and requests for relief are likewise dismissed for lack of jurisdiction.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of February, 2014.