In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00021-CV
_____

IN RE BEVERLY ELAINE JONES

Original Proceeding

MEMORANDUM OPINION

Beverly Elaine Jones filed a petition for writ of habeas corpus, alleging she was illegally confined for punitive contempt pursuant to an order of the 75th District Court of Liberty County, Texas, in trial cause number CV71726 because she had not been provided with adequate notice of the manner in which she violated the trial court's 2013 community supervision order and the trial court failed to hold a hearing within the time required by law. We set a bond for Jones's temporary release and requested a response from the real party in interest. *See* Tex. R. App. P. 52.8(b)(1), (3). The Office of the Attorney General of Texas (OAG) filed a response that concedes error.

1

On May 28, 2013, the trial court signed a judgment of contempt and commitment order, suspended the commitment, and placed Jones on community supervision. The OAG filed a motion to revoke community supervision for failure to timely pay current child support and medical support. *See* Tex. Fam. Code Ann. § 157.214 (West 2014) (authorizing Title IV-D agency to file a motion to revoke community supervision). The trial court ordered the clerk to issue an arrest warrant. *See id.* § 157.215 (authorizing arrest by warrant). Jones was booked into the Liberty County Jail on December 20, 2014.

Due process requires the trial court to hold a revocation hearing soon after the obligor is arrested. *In re Alexander*, 243 S.W.3d 822, 825 (Tex. App.—San Antonio 2007, orig. proceeding). Section 157.216 of the Texas Family Code sets forth the time frame for holding a revocation in an enforcement case and provides that the hearing "may not be held later than the seventh working day after the date the respondent is arrested." Tex. Fam. Code Ann. 157.216(b) (West 2014). It is undisputed that no hearing was held within seven working days of the date that Jones was arrested. Jones was deprived of her liberty without due process of law because she did not receive a hearing before the time expired for conducting a hearing on the motion to revoke community supervision. *See id.*; *see also In re Roznosky*, No. 02-11-00128-CV, 2011 WL 1743682, at *2 (Tex. App.—Fort

2

Worth May 4, 2011, orig. proceeding [mand. denied]) (mem. op.) (granting habeas relief to person held in custody without a revocation hearing for more than seven working days).

We grant the petition for writ of habeas corpus, order that Beverly Elaine Jones be discharged from custody under the warrant issued in trial cause number CV71726, and order that she be released from the bond posted to secure her temporary release pursuant to this Court's order of January 16, 2015.

PETITION GRANTED.

PER CURIAM

Submitted on February 4, 2015
Opinion Delivered February 19, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.