**Ex Parte Eugene ACLY, Relator.**

No. C–4868.

Supreme Court of Texas.

June 18, 1986.

Sullins, Johnston, Rohrbach and Magers, Gail Magers, Houston, for relator.

Jolene Wilson, Glah and Janice Pardue, Houston, for respondent.

OPINION

RAY, Justice.

This is an original habeas corpus proceeding. Relator, Eugene Acly, was found in contempt of a district court judgment for failure to pay child support. As punishment, he was ordered confined in the County Jail of Harris County, Texas, for 180 days. The District Court's order included a leave to file an application for probation upon meeting certain terms and conditions. We granted Acly's petition for writ of habeas corpus to decide whether he is entitled to be considered for good time credit under Tex.Rev.Civ.Stat.Ann. art. 5118a.

Acly is being denied commutation of time for good conduct as provided by article 5118a. Harris County Sheriff Johnny Klevenhagen has a policy of allowing "good time" credit as permitted by the statute for prisoners serving sentences in the county jail. However, Sheriff Klevenhagen does not apply this "good time" credit to prisoners who are serving time for contempt of court for failure to pay child support.

Acly asserts that similarly situated criminal contemnors in the county jail are entitled to be considered for "good time" credit. *Ex parte Sandra Lee Bishop Rogers,* 633 S.W.2d 666 (Tex.App.—Amarillo 1982). He argues that allowing similarly situated county jail prisoners eligibility for "good time" credit while denying him such eligibility constitutes denial of equal protection under the law. *Pruett v. State of Texas,* 470 F.2d 1182 (5th Cir.1973), aff'd, 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973). Respondent Klevenhagen argues the stat-

ute provides "that the sheriff shall have the sole discretion in granting commutation of time of those prisoners in his custody serving jail terms in the county jail." *State ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex.Crim.App.1971), *cert denied sub nom. Pruett v. Texas*, 404 U.S. 910, 92 S.Ct. 226, 30 L.Ed.2d 182, *reh'g denied*, 404 U.S. 996, 92 S.Ct. 529, 30 L.Ed.2d 548 (1971).

Article 5118a authorizes that "[c]ommutation of time for good conduct, industry and obedience may be granted the inmates of each county jail by the sheriff in charge." Thus we agree with the Court of Criminal Appeals decision *State ex rel. Vance v. Clawson* that the sheriff has discretion of whether to grant "good time." However, "[t]he power to punish a party who fails or refuses to obey a prior order or decree of the court for contempt is an inherent power of a court and is an essential element of judicial independence and authority." *Ex parte John Otis Barnett*, 600 S.W.2d 252, 254 (Tex.1980).

Before addressing Acly's equal protection claim, we must first address whether article 5118a is applicable to contemnors being punished for failure to pay child support. We hold that the statute does apply to those being punished by criminal contempt orders. *Ex parte Sandra Lee Bishop Rogers*. But, we note that the statute does not apply to coercive civil contempt orders.

In addressing Acly's equal protection claim, we find no rational basis for denying him the same opportunity to earn a sentence commutation as other county jail inmates. Eugene Acly has been denied his right to equal protection, under the law, by Sheriff Klevenhagen. *Pruett v. State of Texas*, 470 F.2d at 1183. Our holding in this cause is not to be construed as eliminating the sheriff's discretion in allowing or disallowing "good time" as provided in article 5118a. We simply hold that Sheriff Klevenhagen should have performed his duty under article 5118a.

We order Acly remanded to the custody of the Harris County sheriff for considera-

tion under article 5118a consistent with this opinion.

WALLACE, J., not sitting.