**Ex parte Thomas Richie
HARRISON, Relator.**

**No. 3–87–198–CV.**

Court of Appeals of Texas,
Austin.

Dec. 9, 1987.

Jarrett Huffman, Pasadena, for relator.

Jim Mattox, Atty. Gen., Cynthia Woelk, Asst. Atty. Gen., Austin, for respondent.

Before POWERS, BRADY and SMITH *, JJ.

POWERS, Justice.

Having granted the petition for habeas corpus filed in this Court by relator, Thomas Richie Harrison, and having heard and considered his contentions in that regard, we will order that he be remanded to the custody of the Sheriff of Travis County.

The district court held Harrison in contempt of a previous court order that required him to make periodic payments of child support into the registry of the court, the total amount of his delinquent payments being $31,125.00 at the time of the contempt hearing. Accordingly, the district court ordered him committed to the Travis County jail "for 180 days or until the arrearage of $31,125.00 is paid in full or until further order of the Court."

The substance of Harrison's complaint against the legality of his confinement is that the Sheriff of Travis County acts illegally in refusing to consider Harrison for early release from jail based upon his good conduct while in jail. The Sheriff is authorized to deduct for good conduct portions of the terms of jail inmates, as set out in Tex.Rev.Civ.Stat.Ann. art. 5118a (1987). Although Harrison has served 105 days of the 180 days stated in the contempt order, the Sheriff refuses to consider a deduction from Harrison's term based upon his good conduct while in jail. Harrison contends that, in practical effect, he will have satisfied one of the three conditions necessary for his release from jail—service of the 180-day jail term—if the Sheriff will properly administer in his case the provisions of article 5118a. Because the Sheriff will not do so, Harrison argues that his further confinement is illegal.

The Sheriff refuses to consider whether Harrison is eligible for a commutation in his 180-day jail term because the Sheriff interprets article 5118a as applying only to inmates held in "criminal contempt of court" but not "civil contempt of court," as

in Harrison's case. Harrison rejoins that this interpretation of the statute is not warranted by its text and violates the constitutional guarantees of equal protection.

■ We are not sure whether Harrison opposes the conclusion that he was committed to jail for "civil" as opposed to "criminal" contempt. We think it quite clear, however, that he was jailed for the former. The commitment order rather plainly permits his release on payment of the past-due child support sums that he had "failed or refused" to pay in obedience to a previous court order, being "without justification or excuse" in that regard. We hold, therefore, that his commitment was for "civil contempt." *Ex parte Wilson*, 559 S.W.2d 698 (Tex.Civ.App.1977, no writ).

■ The Sheriff's interpretation of article 5118a is based on the following passage from the opinion in *Ex parte Acly*, 711 S.W.2d 627, 628 (Tex.1986), where the relator was jailed for "criminal" contempt and denied the benefit of article 5118a on the basis that it applied to inmates serving jail sentences but not to those serving a term for failure to pay child support, whether they were jailed for "criminal" *or* "civil" contempt in that regard:

> We hold that the statute *does* apply to those being punished by criminal contempt orders.... But, we note that the statute *does not apply to coercive civil contempt orders.*

(emphasis added). The Sheriff, in reliance on the second sentence in the quotation, applies article 5118a to child-support contemnors jailed on "criminal contempt orders" but not to child-support contemnors jailed on "coercive" or "civil contempt" orders, as Harrison was.

Harrison contends the second sentence quoted above does not bind the Sheriff to his interpretation because it is *obiter dictum;* that is to say, the sentence was not necessary to the holding because *Acly* involved a child-support contemnor jailed for "criminal" contempt and not an individual jailed, as Harrison was, for "civil" con-

---

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex.Gov't Code § 73.012 (Supp.1987).

tempt. Harrison argues as well that the second sentence does not bind this Court, under the doctrine of *stare decisis*, on the same theory that the sentence is *obiter dictum*, or a mere remark made in passing, and quite unnecessary to the issue upon which the Supreme Court of Texas decided the *Acly* case.

Harrison misconceives the nature and legal effect of the second sentence in question. The statement is not *obiter dictum* but *judicial dictum* "deliberately made for the guidance of the bench and bar upon a point of statutory construction not theretofore considered by the Supreme Court." *Thomas v. Meyer*, 168 S.W.2d 681, 685 (Tex.1943). Consequently, the second sentence as well as the first became part of the statute itself. Since the Supreme Court of Texas has construed the statute, this interpretation is binding on all within its terms, including the Sheriff and this Court, under the doctrine of *stare decisis*. *Id.* We hold, therefore, that the Sheriff correctly interpreted and applied article 5118a.

Concerning Harrison's equal-protection argument, we observe distinctly different purposes to be served by the two forms of contempt, one "civil" and the other "criminal." *Ex parte Wilson, supra.* A "civil" contempt order has the purpose of encouraging obedience, while the "criminal" contempt order is designed to punish for disobedience. The purpose of the civil contempt order would be hindered or defeated under Harrison's interpretation of article 5118a. We hold in consequence that there is a rational basis for the different treatment of the two kinds of contemnors under article 5118a. Consequently, the statute, as interpreted by the Supreme Court, does not deny equal protection by requiring different treatment of the two kinds of contemnors.

Accordingly, we order Harrison remanded to the custody of the Sheriff of Travis County.