



# MEMORANDUM OPINION

No. 04-10-00288-CV

**EX PARTE** Michael **MARMENTINI**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice
             Steven C. Hilbig, Justice

Delivered and Filed: April 21, 2010

RELIEF DENIED

        This is an original habeas corpus proceeding.[2]  Michael Marmentini was found in contempt

for failing to pay court-ordered child support.  The trial court committed Marmentini to the county

jail, but suspended the commitment and placed him on community supervision.  On January 6, 2010,

the court revoked Marmentini's community supervision and ordered he be "committed to the county

jail for 180 days and until he pays . . . $10,720.00 in child support arrearages [and] . . . $917.00 in

court costs."

---

        [1] This proceeding arises out of Cause No. 95EM504646, styled *In the Interest of D.M.M.*, pending in the 166th Judicial District Court, Bexar County, Texas, the Honorable Gloria Saldaña presiding.

        [2] Although Marmentini styles his pleading a "writ of mandamus," he alleges he is illegally restrained and seeks release from custody.  Accordingly, we treat the pleading as an application for a writ of habeas corpus.  We note this court lacks authority to issue writs of mandamus against the sheriff unless necessary to enforce our jurisdiction.  TEX. GOV. CODE ANN. § 22.221(a) (Vernon 2004).

In his unsworn application, Marmentini alleges he has been confined in the Bexar County jail continuously since January 6, 2010. He further alleges he is "classified as a trustee inmate performing manual labor duties" and is being denied "3 for 1 days of credit" toward his sentence that prisoners with criminal convictions receive. Marmentini alleges this denies him equal protection of the law and that if the credits were applied to him he would be entitled to immediate release from custody.

We conclude Marmentini has not shown himself entitled to relief. Marmentini has not provided the appendix required by Rule 52.3(k) of the Texas Rules of Appellate Procedure. Marmentini has not demonstrated that the Bexar County Sheriff is not applying articles 42.032 and 43.10 of the Texas Code of Criminal Procedure to him in the same manner as other prisoners. Finally, Marmentini has neither alleged nor shown that he has satisfied the civil coercive contempt judgment. *See Ex parte Acly*, 711 S.W.2d 627, 628 (Tex. 1986) (noting that "good time" credit does not apply to coercive civil contempt orders). Therefore, even if Marmentini shows he has served the criminal contempt portion of the commitment order, he would not be not entitled to discharge from custody. Accordingly, relief is denied.

PER CURIAM