*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00275-CR

**EX PARTE** Alfonso **BARRON**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
            Phylis J. Speedlin, Justice
            Marialyn Barnard, Justice

Delivered and Filed: June 2, 2010

PETITION FOR WRIT OF HABEAS CORPUS DENIED

On April 5, 2010, applicant Alfonso Barron filed an original petition for a writ of habeas corpus in this court seeking credit for pre-sentence jail time served. In an order dated April 12, 2010 and an opinion dated April 14, 2010, we dismissed Barron's petition for habeas corpus for lack of jurisdiction. Thereafter, on April 16, 2010, Barron filed a "petition for writ of mandamus," which we construe as a supplemental petition for writ of habeas corpus, that provides additional information. *See In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (commitment order for failure to pay child support is subject to collateral attack in a habeas corpus proceeding). Accordingly, we withdraw our prior order and opinion, and substitute this opinion and order.

---

[1] This proceeding arises out of Cause No. 1996-CI-03793, styled *In the Interest of C.B. and C.D.B., Minor Children*, in the 288th Judicial District Court, Bexar County, Texas, the Honorable Janet P. Littlejohn presiding.

Barron was found in contempt of court for failure to pay child support for his two minor children. His commitment to jail was suspended, and he was placed on community supervision on July 8, 2003. Subsequently, Barron's community supervision was revoked, causing him to serve time in jail. On January 28, 2009, the trial court reinstated Barron's community supervision after a hearing. The State filed a motion to revoke Barron's community supervision on December 10, 2009. On March 3, 2010, the trial court held a hearing, found Barron violated the terms of his community supervision by failing to pay both current and back child support, revoked his community supervision, and committed Barron to the county jail "for 180 days and until he pays $7,500.00 in child support arrearages." In his supplemental petition for writ of habeas corpus, Barron states that he has been continuously confined in jail since his February 20, 2010 arrest on the motion to revoke. Barron contends he is entitled to approximately 140 days of jail time credit ("30 days flat and 90 days trustee") for time spent confined in the county jail from the date of his arrest to the date of his sentencing on March 8, 2010.

Because the March 3, 2010 order provides that Barron is committed to the county jail "for 180 days **and** until he pays $7,500.00 in child support arrearages," it is a hybrid of both criminal and civil contempt. *See In re Scariati*, 988 S.W.2d 270, 273 n. 1 (Tex. App.—Amarillo 1998, orig. proceeding) (explaining the difference between criminal and civil contempt). Barron is entitled to "good time" credit, within the county sheriff's discretion, as to the criminal contempt portion of the order, *i.e.*, the 180 days of punitive confinement. TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2 (Vernon Supp. 2009-10); *Scariati*, 988 S.W.2d at 272. Good time credit does not, however, apply to the coercive civil contempt portion of the order, *i.e.*, the confinement "until he pays $7,500.00 in child support arrearages." *Scariati*, 988 S.W.2d at 272; *Ex parte Acly*, 711 S.W.2d 627, 628 (Tex.

1986) (discussing Tex. Rev. Civ. Stat. art. 5118a (repealed) (codified at Tex. Code Crim. Proc. Ann. art. 42.032)).

Barron has not provided us with an adequate record showing that the county sheriff has denied him any credits on the criminal contempt portion of the commitment order. Moreover, Barron has not alleged or shown that he has satisfied the civil contempt portion of the order by paying the child support arrearages. Therefore, Barron has not met his burden to prove he is entitled to habeas corpus relief. Accordingly, we deny the supplemental petition for writ of habeas corpus. *See* Tex. R. App. P. 52.7(a), 52.8(a).

PER CURIAM

Do not publish