*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-11-00806-CV

**EX PARTE** Miguel Alfonso **ZAPATA**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
              Rebecca Simmons, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  December 21, 2011

PETITION FOR WRIT OF HABEAS CORPUS DENIED

This is an original habeas corpus proceeding. Relator Miguel Alfonso Zapata alleges that he has been sentenced to 180 days in county jail after being held in criminal contempt for failure to pay child support. Relator contends he is entitled to habeas corpus relief and seeks to be released from custody because Sheriff Amadeo Ortiz has failed to give him "good time" credit. Specifically, relator complains he is being denied equal protection under the law because the sheriff gives "good time" credit to prisoners serving sentences for criminal charges, but not to prisoners serving time for criminal contempt of court for failure to pay child support. For the foregoing reasons, we deny the petition for writ of habeas corpus.

---

[1] This proceeding arises out of Cause No. 1997EM500408, in the 45th Judicial District Court, Bexar County, Texas, the Honorable Barbara Hanson Nellermoe presiding.

It is relator's burden to provide this court with a record sufficient to establish his right to habeas corpus relief. *See* TEX. R. APP. P. 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). While relator contends he was sentenced to 180 days of confinement for criminal contempt for failure to pay child support, he fails to provide us with a record to support his claim. *Id.* Therefore, we cannot determine if relator was sentenced to only criminal contempt or if he is also being held under a coercive civil contempt order. While article 42.032 of the Code of Criminal Procedure gives the sheriff the discretion to give "good time" credit to those being punished by criminal contempt orders, the statute does not apply to those being punished by coercive civil contempt orders. *See* TEX. CODE CRIM. PROC. ANN. 42.032, § 2 (West Supp. 2010); *Ex parte Acly*, 711 S.W.2d 627, 628 (Tex. Crim. App. 1986). Therefore, if relator is also being held under a coercive contempt order, he would not be entitled to be considered for "good time" credit under the statute for the criminal contempt portion of the order until he has satisfied the coercive contempt portion of the order. *See Acly*, 711 S.W.2d at 628. Without an order that clearly shows the contempt at issue in this case, we cannot review relator's complaint. *See* TEX. R. APP. P. 52.7(a); *Walker*, 827 S.W.2d at 837.

Furthermore, even if relator establishes he was only sentenced to 180 days for criminal contempt and not sentenced for coercive civil contempt, he has failed to provide this court with a record supporting his claim that the sheriff has abused his discretion. *Id.* There is nothing in the record to support relator's complaint that the sheriff does not give "good time" credit as a matter of policy to the class of prisoners serving time for criminal contempt of court for failure to pay child support. Since the granting of such "good time" credit rests solely in the discretion of the sheriff, and since the record before us fails to reveal any facts establishing an abuse of this discretion, relator has not established he is entitled to habeas corpus relief. *See* TEX. CODE CRIM.

PROC. ANN. 42.032, § 2; *Acly*, 711 S.W.2d at 628.   Accordingly, relator's petition for writ of habeas corpus is DENIED.

PER CURIAM