Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-12-00571-CV

**EX PARTE** Kenneth **ORTIZ**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Phylis J. Speedlin, Justice

Delivered and Filed:  September 26, 2012

PETITION FOR WRIT OF HABEAS CORPUS DENIED

This is an original habeas corpus proceeding brought by Kenneth Ortiz.  Ortiz contends he is being illegally confined after the trial court found him in contempt of court and ordered him confined for 180 days.  Specifically, Ortiz asserts: (1) the trial court failed to admonish him of his right to counsel in compliance with Texas Family Code section 157.163; (2) the trial court failed to make a determination as to his ability to purge himself of the child support debt pursuant to Texas Family Code section 157.008; and (3) Sheriff Amadeo Ortiz has failed to give him "good time" credit.  *See* TEX. FAM. CODE. ANN. §§ 157.008, 157.163 (West 2008).

---

[1] This proceeding arises out of Cause No. 1995EM504398, in the 37th Judicial District Court, Bexar County, Texas, the Honorable David A. Berchelmann presiding.  However, the order complained of was signed by the Honorable Nick Catoe, Jr., presiding judge of the Child Support Court, Bexar County, Texas.

Vickie A. Medina and Kenneth Ortiz were divorced, and on January 21, 2002, Ortiz was ordered to pay monthly child support in the amount of $220.00 beginning February 1, 2002. On July 26, 2012, the trial court held a hearing on the enforcement of child support. The trial court's order reflects Ortiz appeared pro se and was advised of his rights, including the right to court appointed attorney if found indigent. The order provides: "It is found that Kenneth Ortiz knowingly and intelligently waived his rights and proceeded Pro Se."

At the hearing, the trial court found Ortiz was $47,212.05 in arrears and specifically found Ortiz failed to pay the ordered $220.00 monthly amounts on March 1, 2010, December 1, 2010, January 1, 2011, and February 1, 2011. Ortiz was sentenced to 180 days for each separate act of criminal contempt to run concurrently. Furthermore, under the coercive contempt portion of the order the trial court committed Ortiz to the county jail until he pays $7000.00 in child support arrearages. Finally, the record before us includes an order on appointment of counsel, signed by Ortiz, which provides that Ortiz "is not indigent and not entitled to the appointment of an attorney."

A relator is entitled to habeas corpus relief if he was deprived of his liberty without due process of law, or if we conclude the judgment ordering him confined is void. *See In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *Alexander*, 243 S.W.3d at 827.

First, Ortiz alleges the order holding him in contempt is void and unenforceable because the trial court failed to admonish him of his right to counsel when he appeared at the contempt hearing on July 26, 2012. The Family Code outlines the procedure to be followed in family law

enforcement proceedings. *See* TEX. FAM. CODE ANN. § 157.163. First, the court must determine whether it is possible the respondent will be incarcerated as a result of the proceedings. *Id*. § 157.163(a). Then, "[i]f the court determines that incarceration is a possible result of the proceedings, the court shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney." *Id*. § 157.163(b).

In the present case, Ortiz signed a document providing "this is a proceeding in which incarceration of [Ortiz] may result." The record clearly supports a conclusion that Ortiz was admonished of his rights, was found not indigent, and was not entitled to appointment of counsel. We, therefore, conclude the trial court properly admonished Ortiz of his right to counsel in accordance with section 157.163 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 157.163.

Next, Ortiz contends the trial court failed to make a determination as to his ability to purge himself of the child support debt pursuant to Texas Family Code section 157.008. *See* TEX. FAM. CODE ANN. § 157.008. Section 157.008(c) provides that "[a]n obligor may plead as an affirmative defense to an allegation of contempt . . . that the obligor: (1) lacked the ability to provide support in the amount ordered; (2) lacked property that could be sold, mortgaged, or otherwise pledged to raise the funds needed; (3) attempted unsuccessfully to borrow the funds needed; and (4) knew of no source from which the money could have been borrowed or legally obtained." *Id.* § 157.008(c). However, it is Ortiz' burden in the trial court to conclusively establish the affirmative defense as outlined in section 157.008(c). *See Ex parte Rojo*, 925 S.W.2d 654, 656 (Tex. 1996); *In re Lausch*, 177 S.W.3d 144, 155 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). Ortiz has failed to provide this court with a record establishing he

met this burden. *See* TEX. R. APP. P. 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Finally, Ortiz contends Sheriff Amadeo Ortiz has failed to give him "good time" credit. Specifically, Ortiz complains he is being denied equal protection under the law because the sheriff gives "good time" credit to prisoners serving sentences for criminal charges, but not to prisoners serving time for criminal contempt of court for failure to pay child support. However, Ortiz is not entitled to be considered for "good time" credit under the statute for the criminal contempt portion of the order until he has satisfied the coercive contempt portion of the order. *See* TEX. CODE CRIM. PROC. ANN. 42.032, § 2 (West Supp. 2012); *Ex parte Acly*, 711 S.W.2d 627, 628 (Tex. Crim. App. 1986). Furthermore, even if Ortiz satisfies the coercive contempt portion of the order, he must provide this court with a record supporting his claim that the sheriff has abused his discretion by not awarding him "good time" credit for the criminal contempt portion of the order. *Id.* There is nothing in the record to support Ortiz' complaint that the sheriff gives "good time" credit to prisoners serving sentences for criminal charges, but not to prisoners serving time for criminal contempt of court for failure to pay child support. Since the granting of such "good time" credit rests solely in the discretion of the sheriff, and since the record before us fails to reveal any facts establishing an abuse of this discretion, Ortiz has not established he is entitled to habeas corpus relief. *See* TEX. CODE CRIM. PROC. ANN. 42.032, § 2; *Acly*, 711 S.W.2d at 628.

Accordingly, relator's petition for writ of habeas corpus is DENIED.

PER CURIAM