

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00504-CV

**EX PARTE** Gabriel **SALAS**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:       Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed: August 28, 2013

PETITION FOR WRIT OF HABEAS CORPUS DENIED

On July 29, 2013, relator Gabriel Salas filed an original habeas corpus proceeding contending he is being illegally confined after the trial court found him in contempt for failure to pay previously ordered child support and ordered him committed to the county jail for 180 days. Specifically, Salas asserts: (1) the trial court failed to inform him of his right to counsel as required by the Texas Family Code; (2) the trial court failed to make a determination of his ability to purge himself of the child support obligation; and (3) Sheriff Susan Pamerleau has failed to give him "good time" credit in violation of his right to equal protection under the law. *See* TEX. FAM. CODE ANN. §§ 157.008, 157.163 (West 2008).

---

[1] This proceeding arises out of Cause No. 2011CI06284, styled *In the Interest of C.M.S., et al. Minor Children*, pending in the 438th Judicial District Court, Bexar County, Texas, the Honorable Nick Catoe Jr. presiding.

Upon request, this court received from the trial court clerk a copy of the trial court's Order Granting Re-hearing and Order Enforcing and Modifying Support Obligation, which had been signed by the Associate Judge on May 13, 2013 and adopted by the presiding judge four days later. This order, which was not signed by Salas, contained the trial court's contempt findings and indicated that Salas appeared in person pro se at a hearing on May 8. The order did not reflect that Salas had been advised of his right to counsel, or to a court appointed attorney if found indigent. We requested and received a response to the habeas corpus petition on behalf of the respondent judge which included additional material from the trial court's record.

The supplemental record materials include a copy of the trial court's Order Enforcing and Modifying Support Obligations signed by the associate judge on April 8, 2013 and adopted by the presiding judge three days later, and the trial court's Order on Appointment of Counsel and Setting Cause for Trial, also signed on April 8. Both of these orders were signed by Salas. The order enforcing the support obligation indicates that Salas appeared pro se at a hearing on April 8, was advised of his right to counsel, knowingly and intelligently waived his right, and agreed to the entry of the child support order. The order also contains the trial court's findings regarding Salas's monthly resources, current and past due child support obligations, and on contempt. The order on appointment of counsel provides, "this is a proceeding in which incarceration of the Respondent may result" and reflects the trial court's finding that Salas "is not indigent and not entitled to the appointment of an attorney."

A relator is entitled to habeas corpus relief if he establishes he was deprived of liberty without due process of law, or if we conclude the judgment ordering confinement is void. *See In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005); *In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to

determine the relator's guilt or innocence, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *Alexander*, 243 S.W.3d at 827.

In family law enforcement proceedings, the Family Code requires the trial court to determine whether the proceeding is one in which incarceration may result and, if so, the court is obligated to inform a respondent of the right to counsel and, if indigent, the right to an appointed attorney. *See* TEX. FAM. CODE ANN. § 157.163 (a), (b). In the present case, Salas's signature on the two orders following the hearing on April 8 reflect that he was advised of his right to counsel, was found not to be indigent and agreed to proceed pro se. We conclude the trial court properly admonished Salas of his rights in accordance with the Family Code. *See* TEX. FAM. CODE ANN. § 157.163.

Salas also complains the trial court failed to make a determination of his ability to purge himself of the child support obligation. The Family Code provides that an obligor may plead as an affirmative defense to an allegation of contempt that he lacked the ability and resources to provide support in the amount ordered. *See* TEX. FAM. CODE ANN. § 157.008 (c). However, it is Salas's burden in the trial court to conclusively establish the affirmative defense. *See Ex parte Rojo*, 925 S.W.2d 654, 656 (Tex. 1996). It is also his burden as relator in this proceeding to provide this court with a record sufficient to establish his right to habeas corpus relief. *See* TEX. R. APP. P. 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Salas has failed to provide this court with a record supporting his claim that he is entitled to habeas corpus relief on the basis that he conclusively established an affirmative defense to the charges of contempt in the trial court.

Finally, Salas contends he is being denied equal protection under the law by the denial of "good time" credits on his sentence when such credits are available to prisoners serving time on criminal charges. While article 42.032 of the Texas Code of Criminal Procedure gives the sheriff discretion to award "good time" credit to those being punished by criminal contempt orders, the

statute does not apply to those being punished by coercive civil contempt orders. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2 (West Supp. 2012); *Ex parte Acly*, 711 S.W.2d 627, 628 (Tex. Crim. App. 1986). The record reflects the trial court's findings on both punitive contempt and coercive contempt. Salas is not entitled to consideration for "good time" credit under the statute for the criminal contempt portion of the order until he has satisfied the coercive contempt portion of the order. *See Acly*, 711 S.W.2d at 628. Because the record does not reflect that Salas has fully satisfied the coercive contempt portion of the order, we are unable to say that there is any abuse of discretion in the failure to award "good time" credits in this instance. TEX. R. APP. P. 52.7(a); *Walker*, 827 S.W.2d at 837. Salas has not established that he is entitled to habeas corpus relief on this ground. *See* TEX. CODE CRIM. PROC. ANN. 42.032 § 2; *Acly*, 711 S.W.2d at 628.

Relator's petition for writ of habeas corpus is denied.

PER CURIAM