

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00574-CV

**EX PARTE** Telesforo **CONTRERAS** Jr.

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:        Catherine Stone, Chief Justice
                  Patricia O. Alvarez, Justice
                  Luz Elena D. Chapa, Justice

Delivered and Filed: September 18, 2013

PETITION FOR WRIT OF HABEAS CORPUS DENIED

On August 22, 2013, relator, Telesforo Contreras Jr., filed a pro se petition for writ of habeas corpus contending he is being illegally confined after the trial court found him in contempt for failure to pay previously ordered child support and ordered him confined for 180 days. Specifically, Contreras asserts: (1) the trial court failed to inform him of his right to counsel under the Texas Family Code; (2) the trial court failed to make a determination of his ability to purge himself of the child support obligation; and (3) Sheriff Susan Pamerleau has failed to give him "good time" credit in violation of his right to equal protection under the law. *See* TEX. FAM. CODE ANN. §§ 157.008, 157.163 (West 2008). This court requested and received a response from the respondent judge addressing issues raised in the habeas petition.

---

[1] This proceeding arises out of Cause No. 1993-CI-08093, styled *In the Interest of J.A.C. and C.J.C., Children*, pending in the 285th Judicial District Court, Bexar County, Texas, the Honorable Jim Rausch presiding.

A relator is entitled to habeas corpus relief if he establishes he was deprived of liberty without due process of law, or if we conclude the judgment ordering confinement is void. *See In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005); *In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the relator's guilt or innocence, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *Alexander*, 243 S.W.3d at 827.

In family law enforcement proceedings, the Family Code requires the trial court to determine whether the proceeding is one in which incarceration may result and, if so, the court is obligated to inform a respondent of the right to counsel and, if indigent, the right to an appointed attorney. *See* TEX. FAM. CODE ANN. § 157.163 (a), (b). The record before us contains an Order on Appointment of Counsel and Setting Cause for Trial, signed July 10, 2013. The order provides, "this is a proceeding in which incarceration of the Respondent may result" and reflects the trial court's finding that Contreras "is not indigent and not entitled to the appointment of an attorney." We conclude the trial court properly informed Contreras of his right to counsel in accordance with the Family Code. *See* TEX. FAM. CODE ANN. § 157.163.

Contreras also complains the trial court failed to make a determination of his ability to purge himself of the child support obligation. The Family Code provides that an obligor may plead as an affirmative defense to an allegation of contempt that he lacked the ability and resources to provide support in the amount ordered. *See* TEX. FAM. CODE ANN. § 157.008 (c). However, it is Contreras's burden in the trial court to conclusively establish the affirmative defense. *See Ex parte Rojo*, 925 S.W.2d 654, 656 (Tex. 1996). It is also his burden as relator in this proceeding to provide this court with a record sufficient to establish his right to habeas corpus relief. *See* TEX. R. APP. P. 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). The record reflects the trial court's findings that Contreras could have timely paid the court-ordered child support

amounts but failed to do so, and was able to pay the amounts identified in arrearages, attorney fees and court costs. Contreras has failed to provide this court with a record supporting his claim that he conclusively established an affirmative defense of inability to pay in the trial court.

Finally, Contreras contends he is being denied equal protection under the law by the denial of "good time" credits on his sentence when such credits are available to prisoners serving sentences on criminal charges. While article 42.032 of the Texas Code of Criminal Procedure gives the sheriff discretion to award "good time" credit to those being punished by criminal contempt orders, the statute does not apply to those being punished by coercive civil contempt orders. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2 (West Supp. 2012); *Ex parte Acly*, 711 S.W.2d 627, 628 (Tex. 1986). Contreras is not entitled to consideration for "good time" credit under the statute for the criminal contempt portion of his sentence until he has satisfied the coercive contempt portion of the order. *See Acly*, 711 S.W.2d at 628. There is nothing in the record to demonstrate that Contreras has satisfied the coercive contempt portion of his sentence. Therefore, we are unable to say that there is any abuse of discretion in the failure to award "good time" credits in this instance. TEX. R. APP. P. 52.7(a); *Walker*, 827 S.W.2d at 837. Contreras has not established that he is entitled to habeas corpus relief as a result of a violation of his right to equal protection under the law. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2; *Acly*, 711 S.W.2d at 628.

Relator's petition for writ of habeas corpus is denied.

PER CURIAM