

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00638-CV

**EX PARTE** Jesus M. **ANGUIANO**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:     Karen Angelini, Justice
             Marialyn Barnard, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  October 2, 2013

PETITION FOR WRIT OF HABEAS CORPUS DENIED

On September 19, 2013, relator, Jesus M. Anguiano, filed an original pro se petition for writ of habeas corpus contending he is being illegally confined after the trial court found him in contempt for failure to pay previously ordered child support and ordered him confined for 180 days. Specifically, Anguiano asserts: (1) the trial court failed to inform him of his right to counsel under the Texas Family Code; (2) the trial court failed to make a determination of his ability to purge himself of the child support obligation; and (3) Sheriff Susan Pamerleau has failed to give him "good time" credit in violation of his right to equal protection under the law. *See* TEX. FAM. CODE ANN. §§ 157.008, 157.163 (West 2008).

---

[1] This proceeding arises out of Cause No. 1994EM503312, styled *In the Interest of J.A. and J.A., Children*, pending in the 288th Judicial District Court, Bexar County, Texas, the Honorable Janet Littlejohn presiding.

This court received from the trial court clerk a copy of the trial court's Order Enforcing Child Support Obligation. The order indicates that a hearing was conducted on May 17, 2011 and reflects that Anguiano, "appeared in person Pro Se and was advised of his rights, including the right to court appointed attorney if found indigent." The order reflects the trial court's finding that Anguiano, "knowingly and intelligently waived his rights and proceeded Pro Se."

A relator is entitled to habeas corpus relief if he establishes he was deprived of liberty without due process of law, or if we conclude the judgment ordering confinement is void. *See In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005); *In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the relator's guilt or innocence, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *Alexander*, 243 S.W.3d at 827.

In family law enforcement proceedings, the Family Code requires the trial court to determine whether the proceeding is one in which incarceration may result and, if so, the court is obligated to inform a respondent of the right to counsel and, if indigent, the right to an appointed attorney. *See* TEX. FAM. CODE ANN. § 157.183 (a), (b). In the present case, the trial court's order includes a warning that a finding of contempt may be punished by confinement for up to six months. It further indicates that Anguiano was advised of his right to counsel and knowingly waived his rights and elected to proceed pro se. We conclude the trial court properly admonished Anguiano of his right to counsel in accordance with the Family Code. *See* TEX. FAM. CODE ANN. § 157.163.

Anguiano also complains the trial court failed to make a determination of his ability to purge himself of the child support obligation. The Family Code provides that an obligor may plead as an affirmative defense to an allegation of contempt that he lacked the ability and resources to provide support in the amount ordered. *See* TEX. FAM. CODE ANN. § 157.008 (c). However, it is

Anguiano's burden in the trial court to conclusively establish the affirmative defense. *See Ex parte Rojo*, 925 S.W.2d 654, 656 (Tex. 1996). It is also his burden as relator in this proceeding to provide this court with a record sufficient to establish his right to habeas corpus relief. *See* TEX. R. APP. P. 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Anguiano has failed to provide this court with a record supporting his claim that he is entitled to habeas corpus relief on the basis that he met his burden of conclusively establishing an affirmative defense in the trial court.

Finally, Anguiano contends he is being denied equal protection under the law by the denial of "good time" credits on his sentence when such credits are available to prisoners serving sentences on criminal charges. While article 42.032 of the Texas Code of Criminal Procedure gives the sheriff discretion to award "good time" credit to those being punished by criminal contempt orders, the statute does not apply to those being punished by coercive civil contempt orders. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2 (West Supp. 2012); *Ex parte Acly*, 711 S.W.2d 627, 628 (Tex. Crim. App. 1986). The record reflects the trial court's findings on both punitive contempt and coercive contempt. Anguiano is not entitled to consideration for "good time" credit under the statute for the criminal contempt portion of the order until he has satisfied the coercive contempt portion of the order. *See Acly*, 711 S.W.2d at 628. Because the record does not reflect that Anguiano has fully satisfied the coercive contempt portion of the order, we are unable to say that there is any abuse of discretion in the failure to award "good time" credits in this instance. TEX. R. APP. P. 52.7(a); *Walker*, 827 S.W.2d at 837. Anguiano has not established that he is entitled to habeas corpus relief on this ground. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2; *Acly*, 711 S.W.2d at 628.

Relator's petition for writ of habeas corpus is denied.

PER CURIAM