

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00748-CV

**EX PARTE** Christopher **GUERRERO**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  November 5, 2014

PETITION FOR WRIT OF HABEAS CORPUS DENIED

On October 27, 2014, relator Christopher Guerrero filed an original pro se habeas corpus proceeding contending he is being illegally confined after the trial court found him in contempt for failure to pay previously ordered child support and ordered him confined for 180 days. Specifically, Guerrero asserts: (1) the trial court failed to inform him of his right to counsel under the Texas Family Code; (2) the trial court failed to make a determination of his ability to purge himself of the child support obligation; and (3) Sheriff Susan Pamerleau has failed to give him "good time" credit in violation of his right to equal protection under the law. *See* TEX. FAM. CODE ANN. §§ 157.008(c), 157.163 (West 2014).

---

[1] This proceeding arises out of Cause No. 1999EM503566, styled *In the Interest of A.G., K.A.G., P.G., Children*, pending in the 224th Judicial District Court, Bexar County, Texas, the Honorable Eric Rodriguez presiding.

This court received from the trial court clerk copies of the trial court's Order on Appointment of Counsel and Setting Cause for Trial, and Order Enforcing Child Support and Medical Support Obligation. The Order on Appointment of Counsel, which was signed by Guerrero, indicates that a hearing was conducted on September 12, 2013, and reflects the trial court's finding that Guerrero "is not indigent and not entitled to the appointment of an attorney."

A relator is entitled to habeas corpus relief if he establishes he was deprived of liberty without due process of law, or if we conclude the judgment ordering confinement is void. *See In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding); *In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the relator's guilt or innocence, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding); *Alexander*, 243 S.W.3d at 827.

In family law enforcement proceedings, the Family Code requires the trial court to determine whether the proceeding is one in which incarceration may result and, if so, the court is obligated to inform a respondent of the right to counsel and, if indigent, the right to an appointed attorney. *See* TEX. FAM. CODE ANN. § 157.163(a), (b). In the present case, Guerrero's signature appears on the Order on Appointment of Counsel. The Order provides, "this is a proceeding in which incarceration of the Respondent may result" and reflects the trial court's finding that Guerrero "is not indigent and not entitled to the appointment of an attorney." Guerrero also signed the separate Order Enforcing Child Support and Medical Support Obligation, entered on the same date, which reflects that Guerrero "appeared in person Pro Se and was advised of his rights, including the right to a court appointed attorney if found indigent. The Court finds that CHRISTOPHER GUERRERO knowingly and intelligently waived his rights and proceeded Pro Se and agreed to the entry of these orders." We conclude the trial court properly admonished

Guerrero of his right to counsel in accordance with the Family Code. *See* TEX. FAM. CODE ANN. § 157.163.

Guerrero also complains the trial court failed to make a determination of his ability to purge himself of the child support obligation. The Family Code provides that an obligor may plead as an affirmative defense to an allegation of contempt that he lacked the ability and resources to provide support in the amount ordered. *See* TEX. FAM. CODE ANN. § 157.008(c). However, it is Guerrero's burden in the trial court to conclusively establish the affirmative defense. *See Ex parte Rojo*, 925 S.W.2d 654, 656 (Tex. 1996) (orig. proceeding). It is also his burden as relator in this proceeding to provide this court with a record sufficient to establish his right to habeas corpus relief. *See* TEX. R. APP. P. 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). The trial court's Order Enforcing Child Support and Medical Support Obligation includes its findings that Guerrero "could have timely paid the above specified child support in full" and "could have provided the required medical support during each specified time period." Guerrero has failed to provide this court with a record supporting his claim that he is entitled to habeas corpus relief on the basis of conclusively establishing an affirmative defense in the trial court.

Finally, Guerrero contends he is being denied equal protection under the law by the denial of "good time" credits on his sentence when such credits are available to prisoners serving sentences on criminal charges. While article 42.032 of the Texas Code of Criminal Procedure gives the sheriff discretion to award "good time" credit to those being punished by criminal contempt orders, the statute does not apply to those being punished by coercive civil contempt orders. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2 (West Supp. 2014); *Ex parte Acly*, 711 S.W.2d 627, 628 (Tex. 1986) (orig. proceeding). The trial court's order in this case imposes both punitive contempt and coercive civil contempt findings. Guerrero would not be entitled to consideration for "good time" credit under the statute for the criminal contempt portion of the order until he has

satisfied the coercive contempt portion of the order. *See Acly*, 711 S.W.2d at 628. The record does not demonstrate that Guerrero has satisfied the coercive contempt requirements of the trial court's order. Accordingly, we are unable to say that there is any abuse of discretion in the failure to award "good time" credits in this instance. TEX. R. APP. P. 52.7(a); *Walker*, 827 S.W.2d at 837. Guerrero has not established that he is entitled to habeas corpus relief on this ground. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2; *Ex parte Acly*, 711 S.W.2d at 628.

Relator's petition for writ of habeas corpus is denied.

PER CURIAM