

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00780-CV

**EX PARTE** Ezra **DUNN**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:  Catherine Stone, Chief Justice
     Patricia O. Alvarez, Justice
     Luz Elena D. Chapa, Justice

Delivered and Filed: November 26, 2014

PETITION FOR WRIT OF HABEAS CORPUS DENIED

On November 10, 2014, relator Ezra Dunn filed an original pro se petition for writ of habeas corpus contending he is being illegally confined after the trial court found him in contempt for failure to pay previously ordered child support and ordered him confined for 180 days. Specifically, Dunn asserts Sheriff Susan Pamerleau has failed to give him "good time" credit in violation of his right to equal protection under the law. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2 (West Supp. 2014).

A relator is entitled to habeas corpus relief if he establishes he was deprived of liberty without due process of law, or if we conclude the judgment ordering confinement is void. *See In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding); *In re Alexander*, 243 S.W.3d 822,

---

[1] This proceeding arises out of Cause No. 2006EM500229, styled *In the Interest of J.E.W., A Child*, pending in the 224th Judicial District Court, Bexar County, Texas.

824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the relator's guilt or innocence, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding); *Alexander*, 243 S.W.3d at 827.

It is relator's burden in this proceeding to provide this court with a record sufficient to establish his right to habeas corpus relief. *See* TEX. R. APP. P. 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). This court received from the trial court clerk a copy of the trial court's Order Enforcing Child Support and Medical Support Obligation dated October 2, 2013.

Dunn contends he is being denied equal protection under the law by the denial of "good time" credits on his sentence when such credits are available to prisoners serving sentences on criminal charges. While article 42.032 of the Texas Code of Criminal Procedure gives the sheriff discretion to award "good time" credit to those being punished by criminal contempt orders, the statute does not apply to those being punished by coercive civil contempt orders. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2 (West Supp. 2014); *Ex parte Acly*, 711 S.W.2d 627, 628 (Tex. 1986) (orig. proceeding). The trial court's order in this case imposes both punitive contempt and coercive civil contempt findings. Dunn would not be entitled to consideration for "good time" credit under the statute for the criminal contempt portion of the order until he has satisfied the coercive contempt portion of the order. *See Acly*, 711 S.W.2d at 628. The record does not demonstrate that Dunn has satisfied the coercive contempt requirements of the trial court's order. Accordingly, we are unable to say that there is any abuse of discretion in the failure to award "good time" credits in this instance. TEX. R. APP. P. 52.7(a); *Walker*, 827 S.W.2d at 837. Dunn has not established that he is entitled to habeas corpus relief on this ground. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2; *Ex parte Acly*, 711 S.W.2d at 628.

Relator's petition for writ of habeas corpus is denied.

PER CURIAM