

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00830-CV

**EX PARTE** David **REYES**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
                 Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed: December 10, 2014

PETITION FOR WRIT OF HABEAS CORPUS DENIED

On December 1, 2014, relator David Reyes filed an original pro se habeas corpus proceeding contending he is illegally incarcerated pursuant to the trial court's orders finding him in contempt for failure to pay previously ordered child support and committing him to county jail for 180 days. Specifically, Reyes asserts Sheriff Susan Pamerleau has failed to give him "good time" credit in violation of his right to equal protection under the law. *See* TEX. FAM. CODE ANN. §§ 157.008(c), 157.163 (West 2014).

This court received from the trial court clerk a copy of the trial court's Order Enforcing Child Support and Medical Support Obligation dated April 6, 2010.

---

[1] This proceeding arises out of Cause No. 2002EM502383, styled *In the Interest of J.A.R., A Child*, pending in the 408th Judicial District Court, Bexar County, Texas, the Honorable Eric Rodriguez presiding.

A relator is entitled to habeas corpus relief if he establishes he was deprived of liberty without due process of law, or if we conclude the judgment ordering confinement is void. *See In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding); *In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the relator's guilt or innocence, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding); *Alexander*, 243 S.W.3d at 827.

Reyes contends he is being denied equal protection under the law by the denial of "good time" credits on his sentence when such credits are available to prisoners serving sentences on criminal charges. While article 42.032 of the Texas Code of Criminal Procedure gives the sheriff discretion to award "good time" credit to those being punished by punitive criminal contempt orders, the statute does not apply to those being punished by coercive civil contempt orders. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2 (West Supp. 2014); *Ex parte Acly*, 711 S.W.2d 627, 628 (Tex. 1986) (orig. proceeding). The trial court's Order Enforcing Child Support and Medical Support Obligation in this case, which Reyes signed, imposes both punitive criminal contempt and coercive civil contempt findings. Reyes would not be entitled to consideration for "good time" credit under the statute for the criminal contempt portion of the order until he has satisfied the coercive contempt portion of the order. *See Acly*, 711 S.W.2d at 628. The record does not demonstrate that Reyes has satisfied the coercive contempt requirements of the trial court's order. Accordingly, we are unable to say that there is any abuse of discretion in the failure to award "good time" credits in this instance. TEX. R. APP. P. 52.7(a); *Walker*, 827 S.W.2d at 837. Reyes has not established that he is entitled to habeas corpus relief on this ground. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2; *Ex parte Acly*, 711 S.W.2d at 628.

Relator's petition for writ of habeas corpus is denied.

PER CURIAM