

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00851-CV

**EX PARTE** Marco Antonio **FERRER**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
                 Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed:  December 17, 2014

PETITION FOR WRIT OF HABEAS CORPUS DENIED

On December 8, 2014, relator Marco Antonio Ferrer filed an original pro se habeas corpus proceeding contending he is being illegally confined after the trial court found him in contempt for failure to pay previously ordered child support. Specifically, Ferrer asserts: (1) the trial court failed to inform him of his right to counsel as required by the Texas Family Code; (2) the trial court failed to inquire as to his sources of income and make a determination of his ability to purge himself of the child support obligation; and (3) Sheriff Susan Pamerleau has failed to give him "good time" credit in violation of his right to equal protection under the law. *See* TEX. FAM. CODE ANN. §§ 157.008(c), 157.163 (West 2014).

---

[1] This proceeding arises out of Cause No. 2009EM501349, styled *In the Interest of M.F.F., A Child*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable Eric Rodriguez presiding.

This court received from the trial court clerk a copy of the trial court's Order Enforcing Child Support and Medical Support Obligation, dated September 5, 2014. The Order, which was signed by Ferrer, indicates that Ferrer appeared in person for a hearing conducted on September 4, 2014.

A relator is entitled to habeas corpus relief if he establishes he was deprived of liberty without due process of law, or if we conclude the judgment ordering confinement is void. *See In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding); *In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the relator's guilt or innocence, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding); *Alexander*, 243 S.W.3d at 827.

In family law enforcement proceedings, the Family Code requires the trial court to determine whether the proceeding is one in which incarceration may result and, if so, the court is obligated to inform a respondent of the right to counsel and, if indigent, the right to an appointed attorney. *See* TEX. FAM. CODE ANN. § 157.163(a), (b). In the present case, Ferrer's signature appears on the Order Enforcing Child Support and Medical Support Obligation. The Order provides, Marco Antonio Ferrer "appeared in person Pro Se and was advised of his rights, including the right to court appointed attorney if found indigent. It is FOUND that MARCO ANTONIO FERRER knowingly and intelligently waived his rights and proceeded Pro Se;" and "agreed to the entry of these orders as evidenced by his signature." We conclude the trial court properly admonished Ferrer of his right to counsel in accordance with the Family Code. *See* TEX. FAM. CODE ANN. § 157.163.

Ferrer also complains the trial court failed to inquire as to his sources of income and make a determination of his ability to purge himself of the child support obligation. The Family Code

provides that an obligor may plead as an affirmative defense to an allegation of contempt that he lacked the ability and resources to provide support in the amount ordered. *See* TEX. FAM. CODE ANN. § 157.008(c). However, it is Ferrer's burden in the trial court to conclusively establish the affirmative defense. *See Ex parte Rojo*, 925 S.W.2d 654, 656 (Tex. 1996) (orig. proceeding). It is also his burden as relator in this proceeding to provide this court with a record sufficient to establish his right to habeas corpus relief. *See* TEX. R. APP. P. 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). The trial court's Order Enforcing Child Support and Medical Support Obligation includes its findings that Ferrer "could have timely paid the above specified child support in full" and "could have provided the required medical support during each specified time period." Ferrer has failed to provide this court with a record supporting his claim that he is entitled to habeas corpus relief on the basis of conclusively establishing an affirmative defense in the trial court.

Finally, Ferrer contends he is being denied equal protection under the law by the sheriff's failure to award "good time" credits on his sentence when such credits are available to prisoners serving sentences on criminal charges. While article 42.032 of the Texas Code of Criminal Procedure gives the sheriff discretion to award "good time" credit to those being punished by criminal contempt orders, the statute does not apply to those being punished by coercive civil contempt orders. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2 (West Supp. 2014); *Ex parte Acly*, 711 S.W.2d 627, 628 (Tex. 1986) (orig. proceeding). The trial court's order in this case imposes both punitive criminal contempt and coercive civil contempt findings. Ferrer would not be entitled to consideration for "good time" credit under the statute for the criminal contempt portion of the order until he has satisfied the coercive civil contempt portion of the order. *See Acly*, 711 S.W.2d at 628. The record does not demonstrate that Ferrer has satisfied the coercive contempt requirements of the trial court's order. Accordingly, we are unable to say that there is any abuse

of discretion in the failure to award "good time" credits in this instance. TEX. R. APP. P. 52.7(a); *Walker*, 827 S.W.2d at 837. Ferrer has not established that he is entitled to habeas corpus relief on this ground. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2; *Ex parte Acly*, 711 S.W.2d at 628.

Relator's petition for writ of habeas corpus is denied.

PER CURIAM