

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00015-CV

---

IN RE ULYSSES HARRIS

---

Original Habeas Proceeding

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

This is an original habeas corpus proceeding. Relator, Ulysses Harris, was found in contempt of court for failing to comply with a district court judgment directing him to pay child and medical support. Harris seeks habeas corpus relief from the trial court's January 26, 2016, punitive contempt order (Order) requiring Harris to serve a 180-day sentence in the Gregg County Jail.

## I.      Background

Harris was ordered to pay child and medical support for his two minor children, but defaulted on that obligation. The trial court found that Harris failed to pay court-ordered support for four consecutive months and that he could have timely paid the specified child and medical support. The trial court found Harris guilty of a separate act of contempt of court for each specified time period he did not pay court-ordered support, and he was committed to the county jail for 180 days for each separate act of contempt. The commitments were ordered to run concurrently. Harris was ordered to appear before the district court on May 18, 2016, at 8:30 a.m., to begin commitment to the Gregg County Jail. Despite the fact that Harris was ordered to report to jail in May 2016, Harris was not jailed pursuant to the contempt order until December 13, 2017. Harris has filed a petition for writ of habeas corpus seeking relief from the trial court's contempt order.

## II.      Standard of Review

"When a contempt judgment provides that a contemnor is to be confined, it is reviewable only by a petition for writ of habeas corpus." *In re Hightower*, 531 S.W.3d 884, 887 (Tex. App.—Texarkana 2017, orig. proceeding); *see* TEX. GOV'T CODE ANN. § 22.221(d) (West Supp. 2017)

2

(court of appeals may issue writ of habeas corpus for a person "restrained in his liberty"). In a habeas corpus proceeding, we do not determine the guilt/innocence of the relator. Instead, we are "only to ascertain whether the relator has been unlawfully" confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding).

## III. Analysis

The purpose of punitive-contempt confinement is to punish the contemnor "for some completed act which affronted the dignity and authority of the court." *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976) (orig. proceeding). The sentence is not conditioned on some promise of future performance. *Id.*

Harris complains that he is illegally confined and restrained in his liberty in the county jail of Gregg County because the Gregg County Sheriff, Maxey Cerliano, has refused to grant Harris good-conduct time credit against his 180-day sentence. According to Harris, he has served approximately 130 days of his 180-day sentence, and he is being denied equal protection under the law by the denial of good-conduct time credit on his sentence when such credit is available to prisoners serving sentences on other criminal charges. Article 42.032 of the Texas Code of Criminal Procedure provides,

> The sheriff in charge of each county jail may grant commutation of time for good conduct, industry, and obedience. A deduction not to exceed one day for each day of the original sentence actually served may be made for the term or terms of sentences if a charge of misconduct has not been sustained against the defendant.

TEX. CODE CRIM. PROC. ANN. art. 42.032, § 2 (West Supp. 2017). The Texas Supreme Court has ruled that this provision applies to contemnors being punished in a county jail by criminal contempt

3

orders for failure to pay child support. *Ex parte Acly*, 711 S.W.2d 627, 627 (Tex. 1986) (orig. proceeding). In that case, the court held that equal protection requires that those being held in the county jail pursuant to criminal contempt orders for failure to pay child support be afforded the same opportunity to earn a sentence commutation as other county jail inmates. *Id*. at 627–28; *see In re Mayorga*, 538 S.W.3d 174, 177 (Tex. App.—El Paso 2017, orig. proceeding) (trial court has no authority to set ending date on criminal contempt sentence because that denies contemnor's right to be considered for good-conduct time credit).

Section 42.032 permits a county sheriff to adopt a policy affording good-conduct time credit to those in county jail. *See* TEX. CODE CRIM. PROC. ANN. art. 42.032, § 2. While Cerliano acknowledges that he has adopted a policy of awarding good-conduct time credit in accordance with the statute, he contends that the record fails to set forth facts establishing an abuse of his discretion to award such credit to Harris. *See Acly*, 711 S.W.2d at 627 (stating that holding of *Acly* should not be construed as eliminating sheriff's discretion to disallow good-conduct time credit as provided by statute).

Harris is unquestionably entitled to be considered for good-conduct time credit, within Cerliano's discretion, to the same extent as others confined in the Gregg County Jail. *See id.* Yet, although Harris alleges that he has been denied good-conduct time credit under the statute and that such denial amounts to a violation of his equal protection rights, he has not provided this Court with an adequate record showing that Cerliano has refused to consider him for good-conduct time credit.

Harris has the burden to present this Court a sufficient record to support his claim for relief. *See In re Allen-Pieroni*, No. 06-11-00046-CV, 2011 WL 1754240, at \*1 (Tex. App.—Texarkana May 5, 2011, orig. proceeding) (mem. op.); *see also* TEX. R. APP. P. 52.3.  Here, the record and the order before us do not indicate that Cerliano has refused to consider Harris' entitlement to good-conduct time credit.

We deny habeas corpus relief.


Ralph K. Burgess
Justice

Date Submitted:     April 10, 2018
Date Decided:       April 11, 2018